LEMMON, Judge,
concurring and assigning reasons.
I agree, for other reasons, that the judgment of the trial court should be upset, but I would reverse and render a judgment for defendants on the evidence in the record.[1]
This is a suit on a promissory note, with a defense of payment. The pivotal issue is whether defendants’ payment to American Budget discharged their obligation on the note.
It is important to note that American Budget did not sell the note to plaintiff, but rather turned the note over to plaintiff to secure payment of American Budget’s note. The implicit agreement between plaintiff and American Budget was that American Budget would make payments on its own promissory note, while making collections on the pledged notes, and that if American Budget defaulted in its payments on its own note plaintiff would have the right to collect any unpaid balance on the pledged notes at the time of American Budget’s default. This agreement is evident in that plaintiff, by consenting to American Budget’s continuing to make collections on the pledged notes, had to intend to relegate himself to accepting only the unpaid balance of these notes in the event of American Budget’s default.
*582 At the time of American Budget’s default defendants had already paid off the note. Significantly, defendants made the payment to the party authorized by plaintiff to malee collections on the note.
I would maintain the defense of payment, whether on the theory that American Budget authorized plaintiff’s collections from defendants or on the theory that plaintiff by consenting to American Budget’s collection of defendants’ payment is estopped from asserting that defendants have not paid the note. Plaintiff’s recourse to recover the amount paid is against American Budget, to whom payment was made under plaintiff’s authority or with his consent.

. I disagree that plaintiff had no right of action. He advanced the funds from his checking account to make the loan for which defendants’ note was pledged, and he was the holder of defendants’ note at the time suit was filed. Plaintiff’s pleadings were amended by evidence establishing that he acted for others in advancing funds and filing suit, and this evidence does not deprive plaintiff of a right of action, but merely proves that his right is asserted as agent for other parties.